UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| HISCOX INSURANCE COMPANY, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> BLUE STAR RECYCLING, LLC; CCR EQUITY HOLDINGS ONE, LLC; ALMIRA INDUSTRIAL & TRADING CORPORATION; and CABE CHADICK, <br><br> *Defendants*. | Civil Action No. 3:20-CV-01924-X |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is Hiscox Insurance Company Inc.'s (Hiscox) motion for default judgment against defendant Blue Star Recycling, LLC (Blue Star) [Doc. No. 21]. For the reasons below, the Court **GRANTS** the motion for default judgment.

### I. Factual Background

Hiscox issued Blue Star a commercial general liability policy. The policy covers certain occurrences causing bodily injury and property damages and has several relevant exclusions. The City of Dallas sued Blue Star as well as defendants CCR Equity Holdings One, LLC (CCR) and Almira Industrial & Trading Corp. (Almira) in state district court. The City alleged that property CCR and Almira own and control on which Blue Star operates a shingle recycling business was violating several city ordinances by (among other things) discharging waste and asphalt base material into a stormwater drainage system, discharging air contaminants, and operating without

1

the appropriate permit. Texas intervened in the suit to enforce the Solid Waste Disposal Act. A nearby property owner sued Blue Star, CCR, and Cabe Chadick in federal court, claiming those defendants created an illegal landfill. Blue Star forwarded the City lawsuit to Hiscox and requested a defense, which Hiscox denied on the basis that the damages sought are subject to the policy's pollution exclusion. Blue Star has not sought coverage for the landowner lawsuit.

Hiscox filed this declaratory judgment action, seeking a declaration that it has no duty to defend or indemnify Blue Star (or any other defendant) in the City or landowner lawsuits. In October 2019, Hiscox dismissed Almira. And in May 2021, Hiscox dismissed CCR and Chadick. That leaves Blue Star as the last remaining defendant. Hiscox obtained a clerk's default when Blue Star failed to answer and now moves for a default judgment.

## II. Legal Standards

Federal Rule of Civil Procedure 55(b)(2) provides that, in proceedings not involving a certain sum:

> the party must apply to the court for a default judgment. . . . If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
>
> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the truth of any allegation by evidence; or
> (D) investigate any other matter.

A default requires a court to accept as true a plaintiff's well pled allegations in a

complaint, except regarding damages.[1]

In determining whether to enter a default judgment, courts conduct a two-part analysis. First, courts examine whether a default judgment is appropriate under the circumstances.[2] Relevant factors (called the *Lindsey* factors) include: (1) whether disputes of material fact exist; (2) whether there has been substantial prejudice; (3) whether grounds for default are clearly established; (4) whether the default was caused by a good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the court would be obliged to grant a motion from the defendant to set the default judgment aside.[3] Second, the Court assesses the merits of the plaintiff's claims and whether there is a sufficient basis in the pleadings.[4]

### III. Analysis

The Court deems the facts on liability to be admitted. Here, Hiscox served Blue Star with the complaint, and it has yet to respond. The application for a clerk's default was supported by affidavits regarding service of process. While Rule 55 allows for hearings when a party has not appeared, it does not command them. The Court will proceed without a hearing.

---

[1] *See, e.g.*, *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 499 (5th Cir. 2015) (a complaint is well pled when "all elements of [a] cause of action are present by implication"); *Matter of Dierschke*, 975 F.2d 181, 185 (5th Cir. 1992) ("It is universally understood that a default operates as a deemed admission of liability.").

[2] *See U.S. for Use of M-CO Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987) ("After a default judgment, the plaintiff's well-pleaded factual allegations are taken as true, except regarding damages.").

[3] *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

[4] *Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

### A. Procedural Appropriateness of Default Judgment

The Court now turns to the six *Lindsey* factors. First, there are no material facts in dispute because Blue Star has not filed any responsive pleading. And the defendants who did appear likewise did not file a responsive pleading before being dismissed. Second, regarding substantial prejudice, Blue Star's failure to respond could bring adversarial proceedings to a halt and substantially prejudice Hiscox but not itself. Third, Blue Star's continual failure to respond or participate in this litigation clearly establishes grounds for the default. Fourth, regarding mistake or neglect, the Court has no reason to believe Blue Star is acting under a good faith mistake or excusable neglect. Fifth, regarding the harshness of a default judgment, the judgment would grant a remedy prescribed by the Declaratory Judgment Act—namely a declaratory judgment that Hiscox has no duty to defend or indemnify Blue Star in the City or landowner lawsuits. The sixth issue is regarding whether the Court would grant a motion to set aside the default, and the Court is unaware of any basis to do so.

### B. Sufficiency of Hiscox's Amended Complaint

Next, the Court must assess the merits of Hiscox's claims. Although Blue Star, by virtue of its default, is deemed to have admitted Hiscox's well-pled allegations, the Court must nonetheless review the complaint to determine whether it established a viable claim for relief.[5]

Hiscox's sole claim against Blue Star is for a declaratory judgment that it has

---

[5] *Nishimatsu*, 515 F.2d at 1206.

no duty to defend or indemnify Blue Star in the City or landowner lawsuits. Hiscox alleged, among other arguments, that the policy excludes coverage for bodily injury or property damage "arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of 'pollutants,'"[6] and that the allegations from the two underlying lawsuits are about pollutants. The Court agrees. Accordingly, Hiscox has stated a valid claim for declaratory relief that it owes Blue Star no duty to defend or indemnify it in the City or landowner lawsuits.

## IV. Remedy

Hiscox seeks a declaratory judgment. The federal Declaratory Judgment Act provides that a court,

> upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.[7]

Thus, Hiscox seeks a permissible remedy, given its status as an insurer.

The remaining issue is the scope of the declaration. Hiscox's proposed declaration requests the Court to find the basic facts and declare that it has no duty to defend or indemnify Blue Star in the City or landowner lawsuits. The Court has reviewed the proposed declaration and finds it appropriate. The Court will enter it by separate order.

---

[6] Doc. No. 11 at 4.

[7] 28 U.S.C. § 2201(a).

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Hiscox's motion for default judgment.

**IT IS SO ORDERED** this 28th day of April, 2022.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE